UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM H. PARRIES, II** | : | |
| | : | **CASE NO. 1:01cv888** |
| **Plaintiff** | : | |
| | : | **Judge Beckwith** |
| | : | |
| vs. | : | |
| | : | |
| **MAKINO, INC.** | : | |
| | : | **PLAINTIFF'S MEMORANDUM** |
| | : | <u>**CONTRA TAXATION OF COSTS**</u> |
| **Defendant** | : | |
| | : | |

     Now comes Plaintiff pursuant to Local Rule 54.1 and the Notice issued by the Clerk of Court on June 13, 2007 and files the following memorandum opposing the taxation of costs against Plaintiff.

     Defendant filed its Bill of Costs on August 12, 2003. All appeals on this case were final and no further appeal could be pursued as of approximately January 20, 2006. The Clerk gave its notice to tax costs on June 13, 2007.

     Plaintiff's objections to the Bill of Costs are based solely on the Guidelines issued by the Clerk. While Plaintiff believes that it is inappropriate to tax any costs in this case, it is Plaintiff's understanding that the denial of all costs lies in the discretion of the District Court and he will seek relief there, if necessary. The taxation that Plaintiff objects to here are to those costs that are inappropriate under the Guidelines.

     The first cost items that should not be taxed under the Guidelines are the videotaped depositions of the Plaintiff. Defendant had both a regular transcript and

1

videotape of Plaintiff's deposition.  Defendant is attempting to have both forms of deposition assessed as costs.  This is inappropriate.  It was solely Defendant's choice to have the videotape deposition.  There was no necessity for videotape.  The videotape was never used and was mere surplusage in this case.  Therefore, the amounts of $1,377.00 and $630.00 for the two videotape depositions of Plaintiff William Parries should be stricken from the Bill of Costs.

In addition, Defendant seeks costs for deposition of Joan Woodward, Edwin Morris, Beverly Hassan, Jeffrey Reichert, Joanne Firestone, and Donald Hoerlein, all at an expedited rate.  All of these depositions were taken sufficiently before the date they were needed that Defendant did not need to expedite them.  Rather, Defendant waited until the last minute, then chose to expedite them.  Plaintiff should not be taxed the cost of Defendant's delay.  According to a local court reporter, the cost of a 4-day expedited transcript is approximately 150% the cost of a regular-delivery transcript.  Therefore the costs of the above depositions should be reduced accordingly on the bill of costs.  Applying the reduction to the corresponding depositions yields the following regular-delivery costs:  Woodward--$ 354.17 (rather than $531.25); Morris--$ 317.33 (rather than $476); Hassan--$ 255.50 (rather than $383.25); Reichert--$ 447.73 (rather than $671.60); Firestone--$ 437.33 (rather than $656.00); and Hoerlein--$ 363.23 (rather than $544.85).

Also, Defendant asks for costs of an original and a copy of the deposition of Gordon Farmer.  There is no provision for the costs of a copy in addition to an original transcript.  The additional cost must be denied.  In fact, the invoice for the Farmer

deposition seems to recognize that it is not all taxable and that the taxable amount is only $461.25, not $654.75.

In summary, the "Other Costs" line item on the Bill of Costs should be reduced to $5,085.95 instead of the $8,380.11 requested.

Again, Plaintiff objects to the taxation of any costs in this case. However, he understands that such a determination is left to the District Court. He specifically reserves the right to raise all arguments against the taxation of costs in this case before the District Court.

Respectfully submitted,


    s/ David D. Kammer
David D. Kammer – 0061808
Paul H. Tobias - 0032415
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed with the Court on June 27, 2007 via the CM/ECF system that will automatically serve George E. Yund, Esq. and Andrew R. Kaake, Esq., Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, OH 45202.

    s/David D. Kammer
David D. Kammer--0061808