UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II, | : | Case No.: C-1-01-888 |
| Plaintiff, | : | (Judge Beckwith) |
| v. | : | **DEFENDANT'S REPLY IN SUPPORT OF BILL OF COSTS** |
| MAKINO, INC., | : | |
| Defendant. | : | |

Pursuant to Civil Rule 54(d), Local Rule 54.1 and the Notice issued by the Clerk of Courts on June 13, 2007, Defendant Makino, Inc. ("Makino") submits the following memorandum in support of its Bill of Costs.

## I.   BACKGROUND

Plaintiff William Parries ("Parries") filed this lawsuit in December 2001 stating five causes of action against Makino, including claims of discrimination, retaliation and violations of the Thirteenth Amendment.   In light of Parries' long employment history with Makino, the parties were forced to conduct extensive discovery, including the depositions of more than a dozen witnesses. On February 28, 2003, Makino filed a 33-page Motion for Summary Judgment. That Motion was supported by the deposition transcripts of 11 key witnesses in the case. The District Court granted Makino's Motion for Summary Judgment on July 31, 2003 and Makino submitted the Bill of Costs presently at issue on August 12, 2003. The District Court's decision was ultimately upheld by the Sixth Circuit in a decision issued on July 21, 2005. Parries' appeal rights expired in January 2006.

II.   **ARGUMENT**

The Federal Rules provide that: "**costs** other than attorneys' fees **shall be allowed as of course to the prevailing party** unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d) (emphasis added). The Sixth Circuit has explained that while, of course, a district court retains the authority to depart from this Rule, the imposition of costs is the "norm." *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986). The party objecting to a bill of costs bears the burden of proving that the costs were improper. *See BDT Products v. Lexmark*, 405 F.3d 415, 419-20 (6th Cir. 2005). Costs are routinely awarded in cases like this one. *See, e.g., Bawle v. Rockwell Int'l Corp.*, 2003 U.S. App. LEXIS 22797 (6th Cir. Nov. 4, 2003) (awarding $19,457.47 in costs in a discrimination case); *Bivins v. United States Pipe & Foundry Company*, 2002 U.S. App. LEXIS 21505 (6th Cir. Oct. 10, 2002) (remanding the case to the district court to award costs or to state why costs should not be awarded in a discrimination case).

Parries' and his counsel's only argument against the imposition of costs in this case is that a number of the items that Makino seeks to tax as costs are not proper under the Clerk's "Guidelines for Attorneys Taxation of Court Costs in the Southern District of Ohio". In particular, Parries contends that the Guidelines specifically prohibit recovery for costs associated with expedited deposition transcripts and the videotaping of Parries' deposition. Contrary to the assertions of Parries and his counsel, a cursory review of the Clerk's Guidelines reveals that they do not prohibit the taxation of costs associated with expedited deposition transcripts and videotaped depositions. In fact, the Guidelines make no mention of either subject.

Under well-established Sixth Circuit precedent, "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v.*

2

*Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). That precedent also dictates that the "necessity" of the taking of a deposition is determined as of the time of its taking and the fact that a deposition is not ultimately used at trial or in the ultimate disposition of the case is not dispositive. *See id.* Parries' contends, without any real factual support, that there was no need for Makino to expedite the deposition transcripts of several of the witnesses. It is worth repeating that Parries bears the burden of proving that the costs sought to be taxed are improper. Parries' conclusory and unsupported assertion regarding the necessity of expedited transcripts is not enough to carry that burden.

Parries' assertion also ignores the fact that the parties did not agree to conduct the vast majority of the depositions until very late in the case. In fact, many of the depositions were taken after the expiration of the discovery deadline established by the Court. All of the depositions at issue occurred after the discovery deadline and approximately a month before the deadline for Makino's submission of its Motion for Summary Judgment. The only way for Makino to receive and review those transcripts in time to draft its Motion for Summary Judgment was to have them expedited. In light of these time constraints, which were caused in part by Parries, it was entirely reasonable and necessary for Makino to expedite the transcripts. As such, the costs of expedited transcripts are clearly taxable to Parries.

Likewise, Parries' objection to Makino's inclusion of videotape expenses in its Bill of Costs runs directly contrary to Sixth Circuit precedent. In *BDT Products v. Lexmark*, the Sixth Circuit upheld the district court's taxation of the costs of videotaped depositions. *See* 405 F.3d at 419-420. In doing so, the Sixth Circuit recognized that "[v]ideotaped depositions are a necessary and time effective method of preserving witness' testimony and allocating precious court and judicial time", and that "permitting recovery of the costs of video depositions comports with

public policy." *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1477-78 (10th Cir. 1997). This controlling precedent dictates that the cost of the videotaping of Parries' deposition is properly taxable.

Finally, Parries contends that he should not be taxed for the cost of a copy of the deposition of Gordon Farmer. Although it less than clear whether there was any additional cost associated with the challenged copy of Farmer's deposition, Makino does not object to Parries' request to reduce the taxable costs associated with Farmer's deposition transcript by $193.50, from $654.75 to $461.25.

### III.   CONCLUSION

For all of the foregoing reasons, Makino respectfully requests that the Clerk and the District Court tax Parries the full amount of the Bill of Costs submitted by Makino on August 12, 2003. As noted above, however, Makino does not object to a reduction in the amount of $193.50 for costs that appear to be related to a copy of the deposition transcript of Gordon Farmer.

Respectfully submitted,

/s/ Andrew R. Kaake
George E. Yund (0017714)
Andrew R. Kaake (0072585)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800

Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2007 the foregoing Defendant's Reply in Support of Bill of Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew R. Kaake
Attorney for Defendant