UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II | : | |
| | : | CASE NO. 1:01CV888 |
| Plaintiff | : | Judge Beckwith |
| | : | |
| vs. | : | |
| | : | PLAINTIFF'S MOTION |
| MAKINO, INC. | : | OPPOSING TAXATION OF |
| | : | COSTS |
| Defendant | : | |
| | : | |

Now comes Plaintiff and moves the court, pursuant to Federal Rule of Civil Procedure 54(d)(1), not to tax costs of $8,415.02.

**I.    THIS COURT SHOULD EXERCISE ITS DISCRETION TO DENY ALL COSTS TO DEFENDANTS.**

Rule 54(d) of Fed.R.Civ.P. provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party <u>unless the court otherwise directs</u>." (emphasis added). The United States Supreme Court has interpreted Rule 54(d) as vesting the trial court with discretion to allow or deny costs to a prevailing party. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411 (1964). *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441-442, 107 S.Ct. 2494, 2497 (1987) held that "Rule 54(d) generally grants federal courts discretion to refuse to tax costs in favor of the prevailing party. The trial court has no discretion to award as costs any expenses not expressly authorized by statute. Its discretion is limited to denying costs authorized by statute." *Id.* at 441-442.

Any award or denial of costs must be supported by factual findings. *Phelan v.*

*Bell*, 8 F.3d 369, 375 (6th Cir. 1993); *Goostree v. Tennessee*, 796 F.2d 854, 863-864 (6th Cir. 1986) (remanding for factual findings to support award of costs), *cert. denied*, 480 U.S. 918 (1987). Before the appellate court, the party seeking reversal of discretionary denial of costs must show that the district court committed error in applying the criteria of the Sixth Circuit. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986).

*White & White* is the leading Sixth Circuit decision on the awarding of costs under Rule 54(d). That case held that all costs could be denied to the successful party where "it would be inequitable <u>under all the circumstances in the case</u> to put the burden of costs upon the losing party." After noting that Rule 54(d) creates a presumption in favor of awarding costs the Court held that the rule allows denial of costs at the discretion of the trial court. The Sixth Circuit then upheld a total denial of costs to prevailing defendants in that antitrust action. *Id.* at 730. The Court enumerated the factors a trial court should consider in exercising its discretion to deny costs to a prevailing party. *Id.* at 730-731.

In *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068 (S.D. Ohio 1995), Judge Weber denied all costs to prevailing defendants in a civil rights action. He relied on the factors enumerated in *White & White* and summarized those factors that the district court should consider in exercising its discretion in determining costs:

    a)    Were the taxable expenditures unnecessary to the case or unreasonably large?

    b)    Should the prevailing party be penalized for unnecessarily prolonging trial or injecting unmeritorious issues?

    c)    Was the prevailing party's victory so insignificant that the judgment amounts to a victory for the opponent?

      d)     Was the case close and difficult?

      e)     Did the losing party act reasonably and in good faith in filing, prosecuting or defending the case?

      f)     Did the losing party conduct the case with propriety?

      g)     Have other courts denied costs to prevailing defendants in similar cases?

      h)     Did the prevailing party benefit from the case?

      i)     Did the public benefit from the case?

      j)     Did the case result in a profound reformation of current practices by defendant?

      k)     Does the award of costs have a chilling effect on other litigants?

*Rosser*, 885 F.Supp. at 1071-1072, citing *White & White, Inc.* 786 F.2d at 730-731. Six of the factors cited above are relevant to this case and would justify this Court, exercising its discretion, to deny all costs to defendants. These factors are discussed below.

    A.     <u>**The Case Was Close And Difficult**</u>.

Costs may be properly denied where the case is "close and difficult." In *White & White, Inc., supra*, the Sixth Circuit held that:

> The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.

*Id.* at 732.

This case was the very epitome of "close and difficult." The case went to the Sixth Circuit which issued two different opinions in the case. The first time through the Sixth Circuit, the Court issued an opinion reversing this Court, in part, and remanding the

case for trial. Only later, after receiving the benefit of briefing from only Defendant-Appellee, did the Sixth Circuit reverse itself and affirm the decision of this Court. A closer case would be hard to imagine.

This was a hotly contested case over very important issues of discrimination. This single factor should be sufficient for this Court to exercise its discretion and deny costs to defendants in this case, but there are many other factors approved by the Sixth Circuit to support such a decision as well.

      B.    <u>**Plaintiffs Acted Reasonably And In Good Faith**</u>.

The Sixth Circuit has held that "[t]he good faith of unsuccessful litigants is a relevant consideration in Rule 54(d) deliberations. Good faith without more, however, is an insufficient basis for denying costs to a prevailing party." *White & White, Inc.*, 786 F.2d at 731. This Court can judge whether or not plaintiffs brought and litigated this case in good faith. While good faith alone is insufficient for denying costs, the remaining factors discussed herein, coupled with plaintiffs' good faith, are sufficient to justify denial of fees to Defendant. This was a case brought in good faith and for a principle.

      C.    <u>**Other Courts Have Denied Costs In Similar Cases**</u>.

As noted previously, Judge Weber denied all costs in *Rosser v. Pipefitters Union Local 392*, 885 F.Supp. 1068 (S.D. Ohio 1995). He found that the losing plaintiffs acted reasonably and in good faith, the case was difficult and close, and that the award of costs would have a chilling effect. Although he found many of defendants' costs to be reasonable and necessary, that defendants acted in good faith, and that defendants received a great benefit from the litigation and vindication of their practices, he denied

all costs after considering the totality of the circumstances. *Id.* at 1072. Similarly, Magistrate Judge Sherman all costs in *Bleile v. University of Cincinnati*, 1:94cv513 (SD Ohio 1996) (copy attached), under the totality of the circumstances.

*Williams v. Hevi-Duty Elec. Co.*, 122 F.R.D. 206 (M.D. Tenn. 1988), was a racial discrimination in employment action in which the defendant prevailed. The district judge in that action denied costs to the prevailing defendant, citing *White & White, Inc.* The court also considered the ability of the losing party to pay the costs noting that, while the wealth of a prevailing party might not be a reason for denying costs, the inability to pay would be one of those factors making it inequitable to require the losing party to pay costs, especially when the case was brought in good faith and with a reasonable chance of winning. 122 F.R.D. at 214; *see also, Allstate v. Michigan Carpenter's Coun. H. & W. Fund*, 760 F.Supp. 665 (W.D. Mich. 1991) (the trial court found that an award of costs to plaintiffs would be inequitable because the case was close and difficult. *Id.* at 670.)

> D. **Certain Of Defendants' Costs Were Unnecessary Or Unreasonable**.

In *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142 (6th Cir. 1959) the Sixth Circuit held that the Rule 54(d) gave discretion to the court to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances to put the burden upon the losing party. "Examples will be found in cases where the amount of taxable costs actually expended were unnecessary or unreasonably large under the circumstances." *Id.* at 146. As stated below, Defendant's took a duplicative video deposition of Plaintiff in addition to the regular transcript.

**Defendant also expedited depositions, increasing the costs when it did not need to.**

**The position of the state courts in Ohio is that deposition costs are not transferable to the opposing side as an award of costs and there is no reason why this Court cannot impose a similar rule in the exercise of its discretion.** *Williamson v. Ameritech Corporation*, **81 Ohio St. 3d 342 (1998).**

**These unnecessary and unreasonable costs are another factor which this Court should consider in denying defendants their costs in this litigation.** *Lichter,* **269 F.2d at 146, and** *White & White, Inc.*, **786 F.2d at 730, hold that the trial court may deny costs where taxable expenditures by the prevailing party are "unnecessary or unreasonably large."**

  **E. <u>Plaintiffs Conducted The Case With Propriety</u>.**

**In** *White & White, Inc.,* **786 F.2d at 730, the Sixth Circuit held that the propriety with which the losing party conducts the litigation may be considered, although it is insufficient by itself. This Court was involved in deciding motions and reviewed the pleadings and is best able to judge whether Plaintiffs' conduct was proper and should be considered along with other relevant factors.**

  **F. <u>An Award Of Costs Would Have A Chilling Effect</u>.**

**The final factor this Court should consider is the chilling effect that an award of costs would have on other terminated employees who might be dissuaded from bringing valid claims against their former employer. There were numerous pieces of evidence in this case of racial epithets in a mostly white workforce. People of African-American heritage should be encouraged, not discouraged, to attempt to put an end to such harmful practices. The chilling effect of an award of costs against a losing plaintiff is an**

**appropriate factor to justify this Court to exercise its discretion to deny all costs to defendants.** *See, White & White, Inc.,* **786 F.2d at 731.**

**II.   IN THE ALTERNATIVE, THIS COURT SHOULD EXERCISE ITS DISCRETION TO DENY CERTAIN INDIVIDUAL COSTS TO DEFENDANT**

**A.   The Costs Of The Video Deposition of Plaintiff Should Be Denied.**

Defendant had both a regular transcript and a videotape deposition of Plaintiff. The case was decided on summary judgment. There was absolutely no need for the videotape deposition. It was never used in the case. Plaintiff should not have to pay the $2007 ($1377 and $630) costs of the unnecessary video depositions. *See e.g. Newman v. Grand Trunk Western Railroad Co.*, 781 F.2d 55, 56 (6th Cir. 1985) (district court did not abuse its discretion in denying costs for videotaped deposition "which was of limited probative value to the jury in view of the other evidence in the case."); *Hill v. BASF Wyandotte Corp,* 547 F.Supp. at 352.

**B.   The Costs Of Expedited Transcripts Should Be Denied.**

Defendant seeks costs for the depositions of Joan Woodward, Edwin Morris, Beverly Hassan, Jeffrey Reichert, Joanne Firestone, and Donald Hoerlein, all at an expedited rate. All of these depositions were taken sufficiently before the date they were used so that Defendant did not need to expedite them. Plaintiff should not be taxed the costs of Defendant's delay. Expedited delivery of depositions is not an authorized cost. *See*, *Farmer*, 379 U.S. at 230 (overnight or expedited transcript costs are not allowable), *Hill v. BASF Wyandotte Corp*, 547 F.Supp. 348, 352-353 (E.D. Mich. 1982) (no showing of need for expedited transcript of deposition).

According to a local court reporter, the cost of a 4-day expedited transcript is approximately 150% the cost of a regular-delivery transcript. Therefore the costs of the above transcript should be reduced accordingly on the bill of costs. Applying the

reduction to the corresponding depositions yields the following regular-delivery costs: Woodward--$ 354.17 (rather than $531.25); Morris--$ 317.33 (rather than $476); Hassan--$ 255.50 (rather than $383.25); Reichert--$ 447.73 (rather than $671.60); Firestone--$ 437.33 (rather than $656.00); and Hoerlein--$ 363.23 (rather than $544.85). Thus, the bill of costs should be reduced by another $1,087.65.

Also, Defendant asks for costs of an original and a copy of the deposition of Gordon Farmer. There is no provision for the costs of a copy in addition to an original transcript. The additional cost must be denied. In fact, the invoice for the Farmer deposition seems to recognize that it is not all taxable and that the taxable amount is only $461.25, not $654.75. Thus, the costs should be reduced by another $193.50.

### III.    SUMMARY

The Sixth Circuit has held that the trial court has discretion to deny costs to a prevailing party in their entirety when "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White, Inc., supra.* The court listed a number of factors the trial court should consider in exercising its discretion and many of these factors apply to plaintiffs in this action. When the court exercises its discretion and makes factual findings, the court of appeals will not reverse unless the district court committed error in applying the criteria.

### IV.    CONCLUSION

The trial court has the inherent discretion to disallow costs in this matter. *United States v. Erie Ry. Co.*, 200 F.2d 411 (6th Cir. 1952); *Rector v. Mass. Bonding & Ins. Co.*, 191 F.2d 329, 333 (D.C. Cir. 1951); *Crowe v. DiManno*, 225 F.2d 652, 659 (1st Cir. 1955).

The allowance of costs to a prevailing defendant in a civil rights case is not mandatory. Civil Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs should be allowed as a matter of course "unless the court otherwise directs." This gives the Court discretion to disallow costs in cases where it would be inappropriate and punitive to award them, and the exercise of such discretion will usually be affirmed on appeal. *Higgins v. Newhouse*, 1990 U.S. App. LEXIS 15772 (6th Cir. 1990) (affirmed denial of costs to civil rights case defendant). In this case, Plaintiff has remained substantially under-employed since his termination by Defendant. Plaintiff has not yet been able to pay off his own costs to his attorneys. To seek the imposition of Defendant's costs in such circumstances is retaliatory and presents a situation where the award of costs would be unjust, thus allowing the Court to exercise its discretion to disallow them. This Court should find that it would not be equitable to award any fees to defendant in this case and should apply the factors discussed above with appropriate findings of facts.

In the alternative, this Court should deny the costs related to the videotaped, expedited, and duplicate depositions.

Respectfully submitted,

s/ Paul H. Tobias
Paul H. Tobias - 0032415
Tobias, Kraus & Torchia
414 Walnut Street
Suite 911
Cincinnati, Ohio 45202
(513) 241-8137
(513) 241-7863 (fax)
tkt@tktlaw.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed with the Court on August 14, 2007 via the CM/ECF system that will automatically serve George E. Yund, Esq. and Andrew R. Kaake, Esq., Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, OH 45202.

                                                                    s/ Paul H. Tobias
                                                               **Paul H. Tobias - 0032415**