UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ADAM BLEILE,

        Plaintiff,

vs.

UNIVERSITY OF CINCINNATI
et al.,

        Defendants.

Civil Action No. C-1-94-513

ORDER GRANTING PLAINTIFF'S MOTION TO REVIEW DEFENDANTS' COST AWARD (DOC.73), AND REQUIRING EACH SIDE TO PAY THEIR OWN COSTS

      This is a civil rights consent case for which plaintiff named as defendants both the University of Cincinnati ("UC"), and UC instructor Teresa Nichols. Claiming that his mid-semester dismissal from a UC class constituted sex discrimination and/or a violation of his First Amendment right to free speech, plaintiff sued UC under Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 et seq., and Nichols under 42 U.S.C. §1983. Both defendants ultimately prevailed at trial: prior to submission of the case to a jury, the Court granted judgment as a matter of law in favor of UC on the Title IX claim; thereafter, the jury ruled in favor of Nichols on the First Amendment claim. Following a post-trial hearing, the clerk of courts taxed to plaintiff defendants' costs[1] in the amount of $1,590.80. Arguing that such an assessment is improper, plaintiff has moved to review the clerk's cost award, and have the costs re-taxed to both sides. See docs. 73 (motion), 74 (defendants' opposition memorandum), 75 (plaintiff's reply).

---

[1] Permissible costs are set forth in 28 U.S.C. §1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987). Such costs include, inter alia, court reporter expenses, copying charges, and filing fees. See generally Spalding & Evenflo Cos., Inc. v. Graco Metal Prods., Inc., No. 5:90 CV 651, 1992 WL 109092 (N.D.Ohio Feb. 14, 1992).



I.

Plaintiff's request to review is controlled by Federal Rule of Civil Procedure 54(d), which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed. R. Civ. P. 54(d)(1).[2] See Clarke v. Mindis Metals, Inc., No. 95-5517, 1996 WL 616677, at *7 (6th Cir. Oct. 24, 1996); Texler v. Summit Bd. of Mental Retardation & Developmental Disabilities, Nos. 92-3205, 92-3807, 92-3758, 1994 WL 252938, at *9 (6th Cir. June 8, 1994). In determining the amount of costs to be awarded, if any, the Court must consider - on a case-by-case basis, and under the totality of the circumstances - whether it is inequitable to "put the burden of [] costs on the losing party." Rosser v. Pipefitters Union Local 392, 885 F.Supp. 1068, 1071 (S.D.Ohio 1995). To that end, the Court may consider, among other factors, whether: (1) the case was close and difficult; (2) the losing party acted reasonably and in good faith; (3) the prevailing party benefitted from the litigation; and (4) a cost award would have a chilling effect on other litigants. White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730-32 (6th Cir. 1986).

---

[2] In addition to this quoted language, Rule 54(d)(1) establishes a five-day period during which an objecting party may challenge the clerk's taxation of costs. Because plaintiff's motion was timely filed, compare doc. 72 (clerk's cost memorandum of May 31, 1996) with doc. 73 at 1 (plaintiff's motion filed on June 5, 1996), the Court has jurisdiction to consider plaintiff's request to review.

II.

Each of these factors weighs in favor of the costs being re-taxed. First, the case - involving novel issues of free speech in the college classroom - was difficult if not close, as evidenced by the significant amount of time the Court spent with the parties fashioning the jury charge. Second, the Court believes plaintiff and his counsel acted reasonably and in good faith throughout the litigation and trial of this matter. Third, UC will likely benefit from the litigation, since the trial shed a critical light on university procedures which permit students to attend multiple class sessions, and participate in class discussions, despite the fact that they have neither paid for, nor properly enrolled in, the class. Finally, the Court is concerned that a cost award against plaintiff would unnecessarily chill other litigants from pursuing what they reasonably perceive to be civil rights violations. Recognizing, further, that plaintiff was represented here by counsel, the Court is also concerned that a cost award might chill plaintiff's counsel or other attorneys from accepting representation in future civil rights actions.[3]

III.

As it would thus be inequitable, under the totality of the circumstances, to require plaintiff - the losing party - to pay defendants' $1,590.80 in costs, the Court **GRANTS** plaintiff's

---

[3] In view of the fact that most civil rights plaintiffs appear before the Court pro se, this last concern in quite real. The Court does not want to engage in conduct which may limit the already small number of attorneys willing to accept such representation, on a pro bono basis or otherwise.

motion; **RE-TAXES** costs to both sides; and **DIRECTS** the parties to pay their own costs. Accord White & White, 786 F.2d at 733; Rosser, 885 F.Supp. at 1072.

    **IT IS SO ORDERED.**

Date: 12/13/96

                                                             Jack Sherman, Jr.
                                                             United States Magistrate Judge