**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II, | : | Case No.: C-1-01-888 |
| | : | |
| Plaintiff, | : | (Judge Beckwith) |
| | : | |
| v. | : | **MEMORANDUM IN SUPPORT OF** |
| | : | **TAXATION OF COSTS** |
| | : | |
| MAKINO, INC., | : | |
| | : | |
| Defendant. | : | |

Pursuant to Civil Rule 54(d) and Local Rule 54.1, Defendant Makino, Inc. ("Makino") submits the following memorandum in support of the taxation of its Bill of Costs.

**I.   BACKGROUND**

Plaintiff William Parries ("Parries") filed this lawsuit in December 2001 stating five causes of action against Makino, including claims of discrimination, retaliation and violations of the Thirteenth Amendment. In light of Parries' long employment history with Makino, the parties were forced to conduct extensive discovery, including the depositions of more than a dozen witnesses. On February 28, 2003, Makino filed a 33-page Motion for Summary Judgment. That Motion was supported by the deposition transcripts of 11 key witnesses in the case. The District Court granted Makino's Motion for Summary Judgment on July 31, 2003 and Makino submitted the Bill of Costs presently at issue on August 12, 2003. The District Court's decision was ultimately upheld by the Sixth Circuit in a decision issued on July 21, 2005. Parries' appeal rights expired in January 2006.

II.    **ARGUMENT**

    A.    **Plaintiff Has Not Met His Burden Of Demonstrating That Costs Are Improper**

The Federal Rules provide that: "**costs** other than attorneys' fees **shall be allowed as of course to the prevailing party** unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d) (emphasis added). The Sixth Circuit has explained that while, of course, a district court retains the authority to depart from this Rule, **the imposition of costs is the "norm."** *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986). **The party objecting to a bill of costs bears the burden of proving that the costs were improper**. *See BDT Products v. Lexmark*, 405 F.3d 415, 419-20 (6th Cir. 2005). Costs are routinely awarded in cases like this one. *See*, *e.g.*, *Bawle v. Rockwell Int'l Corp.*, 2003 U.S. App. LEXIS 22797 (6th Cir. Nov. 4, 2003) (awarding $19,457.47 in costs in a discrimination case); *Bivins v. United States Pipe & Foundry Company*, 2002 U.S. App. LEXIS 21505 (6th Cir. Oct. 10, 2002) (remanding the case to the district court to award costs or to state why costs should not be awarded in a discrimination case).

Parries contends that the Court should consider the factors enumerated in *White & White, Inc.*, 786 F.2d at 730-31, and take the extraordinary step of denying Makino its right to recover the costs it incurred in defending against Parries' claims. In support of his argument, Parries claims that the case was close, he acted in good faith, other courts have denied costs in similar cases, certain costs were unnecessary or unreasonable and that the imposition of costs would have a chilling effect on other litigants. Parries fails to note, however, that this Court has recently rejected precisely the same arguments and awarded over $27,000 in costs to a prevailing defendant in an employment discrimination case. *See Hildebrandt v. Hyatt Corporation*, 2006

U.S. Dist LEXIS 59902 (S.D. Ohio Aug 24, 2006) (J. Beckwith) and 2006 U.S. Dist. LEXIS 78967 Oct. 26, 2006 (denying plaintiff's request for reconsideration of taxation of costs).

In *Hildebrandt*, the plaintiff brought federal and state law claims for age and gender discrimination against her former employer, Hyatt Corporation.  *See Hildebrandt*, 2006 U.S. Dist. LEXIS 59902 at *4.  Although some of the plaintiff's claims were dismissed at the summary judgment stage, the plaintiff's age discrimination claims were tried to a jury over the course of 5 days.  The jury returned a verdict in favor of the defendant employer.  Shortly thereafter, the defendant employer filed a Bill of Costs for expenses incurred in the successful defense of plaintiff's claims.  *See id*. at *5.  The plaintiff objected to the imposition of costs and, like Parries, argued that costs should not be levied because the case was close, the case was filed and prosecuted in good faith, some of the costs were unnecessary, and an award of costs would have a chilling effect on other employment discrimination litigants.  *See id*. at *6-16; *Hildebrandt*, U.S. Dist. LEXIS 78163 at *3.  This Court rejected each of the plaintiff's arguments and ultimately awarded the defendant employer $27,751.63 in costs.

In *Hildebrandt*, the Court concluded that the case was not "close and difficult" as that phrase is defined by Sixth Circuit case law, even though some of the plaintiff's claims were tried to and considered by a jury. *See Hildebrandt*, U.S. Dist. LEXIS 59902 at *8-13; *see also Bacon v. Honda of America Mfg., Inc.*, 2006 U.S. Dist. LEXIS 78967, *5 (S.D. Ohio Oct. 30, 2006) (rejecting the plaintiff's claim that the case was "close and difficult" because, although the case was factually complex, the "law in the employment discrimination area" was "clear and well established" and the case was resolved entirely at the summary judgment stage).  The Court also expressly rejected the plaintiff's assertions that costs should be denied because she acted in good faith and the imposition of costs would have a chilling effect on other litigants.  In doing so, this

Court noted that the Sixth Circuit routinely affirms cost awards in employment cases, and stated that "the Court does not believe that it is equitable to require an innocent employer to subsidize the cost of unsuccessful employment discrimination litigation". *Hildebrandt*, 2006 U.S. Dist. LEXIS 78163 at *10-11.

This Court's rulings in *Hildebrandt* apply with equal force in the present case. Although this case was more fact intensive than average, it did not present any novel questions of law. In fact, the law governing the case was well settled and this Court saw fit to dispose of all of the claims at the summary judgment stage. The Sixth Circuit affirmed this Court's decision. Parries may believe that the case was "close and difficult", but that does not make it so. Contrary to Parries' assertions, all of the costs that Makino seeks to recover were reasonable and integral to its successful defense of Parries' claims. Makino went to great expense to defend its employment decisions in this case, decisions that were ultimately found to lawful and non-discriminatory. As the above cited case law indicates, it would be patently unfair to now deny Makino its presumptive right to recover costs under Rule 54(d). Parries should be required to pay the full amount of Makino's Bill of Costs.

    **B.    All Of The Items Contained In Defendant's Bill Of Costs Were Proper And Taxable**

Parries also argues that a number of the items that Makino seeks to tax as costs are not proper under the Clerk's "Guidelines for Attorneys Taxation of Court Costs in the Southern District of Ohio". In particular, Parries contends that the Guidelines specifically prohibit recovery for costs associated with expedited deposition transcripts and the videotaping of Parries' deposition. Contrary to the assertions of Parries and his counsel, a cursory review of the Clerk's Guidelines reveals that they do not prohibit the taxation of costs associated with

expedited deposition transcripts and videotaped depositions. In fact, the Guidelines make no mention of either subject.

Under well-established Sixth Circuit precedent, "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). That precedent also dictates that the "necessity" of the taking of a deposition is determined as of the time of its taking and the fact that a deposition is not ultimately used at trial or in the ultimate disposition of the case is not dispositive. *See id*. Parries' contends, without any factual support, that there was no need for Makino to expedite the deposition transcripts of several of the witnesses. It is worth repeating that Parries bears the burden of proving that the costs sought to be taxed are improper. Parries' conclusory and unsupported assertion regarding the necessity of expedited transcripts is not enough to carry that burden.

Parries' assertion also ignores the fact that the parties did not agree to conduct the vast majority of the depositions until very late in the case. In fact, many of the depositions were taken after the expiration of the discovery deadline established by the Court. All of the depositions at issue occurred after the discovery deadline and approximately a month before the deadline for Makino's submission of its Motion for Summary Judgment. The only way for Makino to receive and review those transcripts in time to draft its Motion for Summary Judgment was to have them expedited. In light of these time constraints, which were caused in part by Parries, it was entirely reasonable and necessary for Makino to expedite the transcripts. As such, the costs of expedited transcripts are clearly taxable to Parries.

Likewise, Parries' objection to Makino's inclusion of videotape expenses in its Bill of Costs runs directly contrary to Sixth Circuit precedent. In *BDT Products v. Lexmark*, the Sixth

Circuit upheld the district court's taxation of the costs of videotaped depositions. *See* 405 F.3d at 419-420. In doing so, the Sixth Circuit recognized that "[v]ideotaped depositions are a necessary and time effective method of preserving witness' testimony and allocating precious court and judicial time", and that "permitting recovery of the costs of video depositions comports with public policy." *Tilton v. Capital Cities/ABC Inc.*, 115 F.3d 1471, 1477-78 (10th Cir. 1997). This controlling precedent dictates that the cost of the videotaping of Parries' deposition is properly taxable.

Finally, Parries contends that he should not be taxed for the cost of a copy of the deposition of Gordon Farmer. Although it less than clear whether there was any additional cost associated with the challenged copy of Farmer's deposition, Makino does not object to Parries' request to reduce the taxable costs associated with Farmer's deposition transcript by $193.50, from $654.75 to $461.25.

### III. CONCLUSION

For all of the foregoing reasons, Makino respectfully requests that the Court tax Parries the full amount of the Bill of Costs submitted by Makino on August 12, 2003. As noted above, however, Makino does not object to a reduction in the amount of $193.50 for costs that appear to be related to a copy of the deposition transcript of Gordon Farmer.

Respectfully submitted,

 /s/ Andrew R. Kaake
George E. Yund (0017714)
Andrew R. Kaake (0072585)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800

Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

       I hereby certify that on September 6, 2007 the foregoing Memorandum in Support of Taxation of Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      /s/ Andrew R. Kaake
                                      Attorney for Defendant

CINLibrary 0048604.0478304 1771528v1