UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II | : | |
| | : | CASE NO. 1:01CV888 |
| Plaintiff | : | |
| | : | Judge Beckwith |
| vs. | : | |
| | : | |
| MAKINO, INC. | : | |
| | : | PLAINTIFF'S REPLY |
| Defendant | : | MEMORANDUM OPPOSING |
| | : | TAXATION OF COSTS |

Under the factors enunciated in *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986), this Court should not award costs to Defendant. As in *White*, "it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." Under the factors of *White*, the case was "close and difficult," Plaintiff acted reasonably and in good faith, certain of Defendant's costs were excessive, Plaintiff conducted the case with propriety, and the award of costs would have a chilling effect. Costs should be denied here.

The case was "close and difficult." Though Defendant largely ignores this issue in its opposition brief, this case was the very definition of a close case. Indeed, the Sixth Circuit entered an opinion in Plaintiff's favor remanding the case for jury trial. Only later did the Sixth Circuit reverse itself and decide to uphold the decision of this Court. It is hard to imagine a closer case.

In addition, Plaintiff acted reasonably and in good faith in pursuing this case. With the number of racial slurs and differences in treatment that the African-American Plaintiff faced in an almost all-white work environment, a lawsuit challenging his

treatment was entirely reasonable. Indeed, an arbitrator sided with Plaintiff that one of his two challenged discharges was improper.

As explained in his main brief, certain of Defendant's costs were improper including belated, expedited depositions; duplicative depositions; and extra deposition copies. Defendant has even admitted that it overcharged for one item in its opposition memorandum.

There would be a chilling effect here if costs were awarded. There were numerous pieces of evidence in this case of racial epithets in a mostly white workforce. People of African-American heritage should be encouraged, not discouraged, to attempt to put an end to such harmful practices. An award of any costs here would be inappropriate under the circumstances.

Even if the Court determined that the award of some costs were appropriate, the court should not award costs for both a regular transcript and a videotape transcript of Plaintiff's deposition. To do so would set a dangerous precedent that could run up costs in all cases. The Civil Rules make clear that depositions can be taken in a variety of ways to keep costs down. It is contrary to the rules to double-up on the methods of taking depositions. If Defendant wishes to take depositions in multiple ways, it should pay the costs for the duplicative methods. One method of recording the deposition is good for any purpose.

Furthermore, Plaintiff should not have to pay the costs of expedited depositions. Defendant could have taken its depositions at any time during the discovery period. It had plenty of time to have them transcribed by regular delivery before any of its summary judgment briefing was due. This Court's schedule provides plenty of time for

that purpose. Plaintiff should not have to bear the cost of Defendant's delay.

For the above reasons and those set forth in his main brief all costs should be denied in this case. Alternatively, the costs should be appropriately reduced.

                                                  Respectfully submitted,

                                                     s/ Paul H. Tobias
                                            Paul H. Tobias - 0032415
                                            Tobias, Kraus & Torchia
                                            414 Walnut Street
                                            Suite 911
                                            Cincinnati, Ohio 45202
                                            (513) 241-8137
                                            (513) 241-7863 (fax)
                                            tkt@tktlaw.com
                                            Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed with the Court on September 11, 2007 via the CM/ECF system that will automatically serve George E. Yund, Esq. and Andrew R. Kaake, Esq., Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, OH 45202.

                                                     s/ Paul H. Tobias
                                            Paul H. Tobias - 0032415