UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION

William H. Parries, II,           :   Case No. 1:01-cv-888
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :
Makino, Inc.,                     :
                                  :
     Defendant.                   :

                       **INTERIM ORDER ON COSTS**

     Before the Court is Plaintiff's motion opposing the taxation of costs.  (Doc. 48)  Defendant has responded (Doc. 49) and Plaintiff has filed a reply.  (Doc. 50)

     Plaintiff's complaint against his former employer alleged race discrimination and retaliation.  This Court granted Defendant summary judgment on Plaintiff's federal claims.  (Doc. 34)  Plaintiff appealed the judgment to the Sixth Circuit.  That court's initial unpublished disposition would have affirmed the judgment in part, but remanded for further consideration of Plaintiff's retaliation claim and the admissibility of a declaration of Plaintiff's co-worker filed after discovery closed.  (See Doc. 40)  However, after additional briefing, the Circuit ultimately affirmed the judgment in all respects in an opinion dated July 21, 2005.  (Doc. 41)

     The parties then briefed Defendant's Bill of Costs.  The Clerk of the Court taxed costs against Plaintiff in the amount of

                                  -1-

$8,221.52, disallowing one item, a $193.50 charge for a second copy of a deposition.  (Doc. 47)

Plaintiff's pending motion argues that this Court should exercise its discretion to deny all costs to Defendant. Plaintiff cites <u>White & White, Inc. v. American Hosp. Supply Corp.</u>, 786 F.2d 728 (6th Cir. 1986), holding that an award of costs may be denied if all the relevant circumstances suggest it would be inequitable to impose costs upon the losing party.

Fed. R. Civ. P. 54(d)(1) states that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs."  This language essentially creates a presumption in favor of awarding costs, putting the burden on the unsuccessful party to demonstrate why that presumption should not apply.  See <u>Goosetree v. State of Tennessee</u>, 796 F.2d 854 (6th Cir. 1986). There, the Sixth Circuit held that costs may be denied where (1) the prevailing party's costs are unnecessary or unreasonably large; (2) the prevailing party unnecessarily prolonged the proceedings in the case; or (3) the case is close and difficult. The unsuccessful litigant's good faith is relevant, but standing alone is insufficient to deny otherwise taxable costs.  <u>Id.</u> at 864.

Plaintiff presents several arguments to support his motion. He first argues that the case was close and difficult.  This Court recently rejected a similar argument in a discrimination

-2-

case that was tried to a jury.  See <u>Hildebrandt v. Hyatt Corp.</u>, Case No. 1:02-cv-003, Order of August 24, 2006.  As noted there, the Sixth Circuit has observed that "the closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." <u>Goosetree</u>, 796 F.2d at 864 (quoting <u>White & White</u>, 786 F.2d at 732-33).  This principle was applied in <u>White & White</u>, where the court affirmed the district court's order that each party should bear its own costs in a very complex antitrust case involving 80 trial days, 800 exhibits, some 15,000 pages of transcripts, and a 95-page district court opinion.  The Sixth Circuit noted "the difficult process a trial court oversees in distilling complex antitrust allegations to their legal and factual essence for review by an appellate court."  786 F.2d at 733.

Here, in contrast, the evidence consisted primarily of deposition testimony submitted with the summary judgment pleadings.  Three of the four requirements of Plaintiff's prima facie case were not disputed.  The determinative question for Plaintiff's discrimination claim was whether Plaintiff had been replaced by someone not a member of his protected class, or whether Plaintiff had been subjected to disparate treatment based on his race.  The disputed question concerning Plaintiff's

retaliation claim was whether Plaintiff had demonstrated a causal link between his protected activity and his discharge. The applicable law is well-established and was not difficult to discern. Plaintiff's case did not present the complexity or difficulty presented in White & White.

This case is more akin to McDonald v. Petree, 409 F.3d 724 (6th Cir. 2005), where the Sixth Circuit affirmed an award of costs to the prevailing defendants. The underlying lawsuit arose from a car accident; one defendant was granted summary judgment, and the other was held not liable by a jury. The plaintiffs argued that the case was close and difficult, and that their good faith justified a denial of costs to the prevailing defendants. The Sixth Circuit rejected plaintiffs' arguments, noting that costs may be awarded to a prevailing party even in a close and difficult case.

A discrimination claim always presents difficult, emotional issues. But that does not permit this Court to carve out an exception to Rule 54(d) for Title VII cases. See, e.g., Cherry v. Champion International Corp., 186 F.3d 442, 448 (4th Cir. 1999), noting that Title VII contains many incentives for plaintiffs that Congress identified as serving the public interest, but that it is not for the district courts to "add a similar type of provision as an exception to Rule 54(d)(1)."

Plaintiff also argues that his good faith in bringing and

-4-

prosecuting his claims justifies denying costs.  While this Court does not doubt Plaintiff's good faith and the propriety with which he litigated this case, Plaintiff also recognizes that this factor standing alone is insufficient.

Finally, Plaintiff argues that an award of costs would have a chilling effect on other individuals who may be targets of discrimination, and who would be discouraged from pursuing claims.  This Court rejected this argument in Hildebrandt v. Hyatt, supra, and must reject it here for the same reasons.

Plaintiff also takes issue with specific items on Defendant's cost bill, arguing these items were not reasonable or necessary for the case.

(1)  Plaintiff objects to the cost for videotaping Plaintiff's deposition in addition to the stenographic transcript.  Defendant counters that video deposition costs are properly taxed, citing BDT Products v. Lexmark International, Inc., 405 F.3d 415 (6th Cir. 2005).  Most authorities have held that the language of 28 U.S.C. §1920(2), together with that of Fed. R. Civ. Proc. 30(b)(2), permits the recovery of both types of deposition costs.  See, e.g., BDT Products v. Lexmark, 405 F.3d at 420, citing Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1477 (10th Cir. 1997).  When witnesses reside far away from the court, or for ease of trial presentation, videotape depositions are often helpful, efficient and time effective.  But

that rationale does not mean that every video deposition is "necessarily obtained for use in the case" as required by 28 U.S.C. §1920(2).  As the Fourth Circuit noted in <u>Cherry v. Champion Int'l</u>, 186 F.3d at 449, "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial."  Defendant justifies the large cost of the video simply by noting that video costs may be taxed.  Defendant has not made any showing why a videotape deposition of **the Plaintiff**, who certainly would be present at his own trial, was necessary for this case.  The Court will not tax the cost of the videotape for the two sessions of Plaintiff's deposition, a total cost of $2,007.

   (2) Plaintiff objects to the costs of expedited transcripts for the depositions of Woodward, Morris, Hassan, Reichert, Firestone and Hoerlein.  Plaintiff argues that expedited delivery costs were unnecessary.  Defendant responds that the parties agreed to conduct the depositions very late in the case, and that many were taken after the discovery deadline set by the Court's scheduling order.  Hoerlein, Reichert and Morris were Plaintiff's direct supervisors.  Woodward is Defendant's Labor Relations Manager, and Firestone is the Vice President for Human Resources; both were directly involved in the incidents leading to Plaintiff's termination.  Hassan and Reichert were deposed on

January 8, 2003, well in advance of the summary judgment deadline; the others were deposed over the next two weeks. Other than stating that the parties "agreed" to delay these depositions until January 2003, Defendant does not explain why it was "necessary for the case" to order expedited copies of all six of these depositions. There is nothing in the Court's record indicating there were any discovery disputes between the parties. As noted above, "necessary for the case" means something more than convenience for counsel. Absent a cogent explanation of the need for these expedited transcripts, the Court concludes that the extra cost is not justified as "necessary for the case" and will therefore deny the expedited costs. The ordinary costs for the transcripts will be taxed.

Plaintiff's motion suggests that expedited transcripts in this community cost approximately 150% of the normal transcript cost. The invoices for Firestone, Hoerlein, Hassan, Reichert, Woodward and Morris do not separately list the charges for normal and expedited transcripts. Based on the Court's own experience, private court reporters in this community do not have uniform standard or expedited charges. The Court notes that the Judicial Conference's current Guidelines for official transcripts reflects a cost differential of 135% for ordinary and expedited transcripts ($3.30/page for ordinary, $4.40/page for expedited). In the absence of specific information for each invoice, the

Court will apply that discount rate to each item in question. The Court will permit either party to obtain specific information from each court reporter to supplement the record. Any such supplemental information must be filed no later than November 1, 2007. If neither party submits supplemental information by that date, the Court will enter a final order taxing costs using the 135% ratio to discount the invoices in question.

(3) Plaintiff objects to the costs for the original and a copy of the Farmer deposition transcript. Defendant does not object, assuming that the invoice in fact reflects a charge for the original and a copy. The invoice in question states a charge of $631.25 for an "original and 1 copy" of the transcript, but states that the "taxable" amount is $461.25. The Court therefore will tax $461.25 for the Farmer deposition transcript.

## CONCLUSION

The Court grants the parties until November 1, 2007 to submit supplemental information from the court reporters for the expedited transcript costs for Woodward, Morris, Hassan, Reichert, Firestone and Hoerlein. If no additional information is filed by that date, the Court will enter a final order taxing costs as discussed in this Interim Order.

SO ORDERED.

Dated: October 11, 2007          s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                 United States District Court