UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II, | : | Case No.: C-1-01-888 |
| | : | |
| Plaintiff, | : | (Judge Beckwith) |
| | : | |
| v. | : | **MEMORANDUM IN RESPONSE TO** |
| | : | **PLAINTIFF'S SUPPLEMENTAL** |
| | : | **INFORMATION CONCERNING** |
| | : | **TAXATION OF COSTS** |
| | : | |
| MAKINO, INC., | : | |
| | : | |
| Defendant. | : | |

Defendant Makino, Inc. submits this Memorandum in response to the Supplemental Information Concerning Taxation of Costs ("Supplemental Information") submitted by Plaintiff on October 31, 2007 and to clarify certain incorrect and misleading statements made therein.

On October 11, 2007, the Court issued its Interim Order on Costs in this case. In that Order, the Court allowed the parties to submit specific supplemental information addressing the differences between the cost of ordinary transcription of the original depositions and the cost of expedited transcription of the originals of those same depositions. On October 31, Plaintiff's counsel submitted what purported to be supplemental information regarding the differences in those costs. That information is, however, inaccurate, misleading and not responsive to the Court's Interim Order.

Plaintiff's Supplemental Information and the attached declaration represent that the costs listed therein are for "regular-delivery transcripts of the depositions in question". This statement is inaccurate and misleading. As the invoices attached to the declaration of Plaintiff's counsel indicate, the costs listed in Plaintiff's filing are for <u>copies</u> of the deposition transcripts in

question. As the Court and Plaintiff's counsel are aware, there is a significant difference in the cost associated with the transcription of an <u>original</u> of a deposition and the cost of a <u>copy</u> of a previously transcribed deposition.

On Thursday, November 1, 2007, Defendant's counsel, George E. Yund, contacted Plaintiff's counsel, Paul H. Tobias, to discuss these inaccuracies and to request that Plaintiff's counsel withdraw the misleading Supplemental Information and Declaration. *See* Declaration of George E. Yund, attached hereto as Exhibit A. During that conversation, Plaintiff's counsel indicated that he had no intention of correcting or withdrawing the filing and that Defendant's counsel should "do what he had to do". Yund Decl. On November 6, Defendant's counsel sent Plaintiff's counsel a letter, which explained the inaccuracies in the Supplemental Information filing and, again, asked that Plaintiff's Counsel withdraw that filing. Defendant's counsel copied the Court on that letter so that it would be apprised of the inaccuracies in Plaintiff's filing. A copy of that letter is attached to the Yund Declaration. On November 8, Plaintiff's counsel sent Defendant's counsel a letter attempting to explain the submission, but conceding that the Supplemental Information "is not a direct submission from the court reporters on the issue raised by the Court". A copy of that letter is the second attachment to the Yund Declaration.

The information submitted by Plaintiff's counsel in the Supplemental Information filing is inaccurate, misleading and, as even Plaintiff's counsel concedes, not responsive to the Court's Interim Order. The Court allowed the parties to submit information regarding the differences in the costs of the ordinary and expedited transcription of original depositions. Plaintiff's filing contains no information responsive to the Court's Interim Order. As such, Defendant respectfully requests that the Court disregard the Supplemental Information and accompanying declaration.

While Defendant believes that all of the costs enumerated in its Bill of Costs were necessary and appropriate, in the interest of bringing this matter to a close, Defendant does not contest the Court's reduction of the expedited transcript costs using the 135% discount rate discussed in the Court's Interim Order.

Respectfully submitted,

/s/ Andrew R. Kaake
George E. Yund (0017714)
Andrew R. Kaake (0072585)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800

Trial Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2007 the foregoing Memorandum In Response to Plaintiff's Supplemental Information Concerning Taxation of Costs was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Andrew R. Kaake
Attorney for Defendant

CINLibrary 0048604.0478304 1791733v1