# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. PARRIES, II, | : | Case No.: C-1-01-888 |
| | : | |
| Plaintiff, | : | (Judge Beckwith) |
| | : | |
| v. | : | **DECLARATION OF GEORGE E. YUND** |
| | : | |
| MAKINO, INC., | : | |
| | : | |
| Defendant. | : | |

Pursuant to 28 U.S.C. § 1746, I, George E. Yund, swear to the following:

1. I am an attorney with Frost Brown Todd LLC and represent the Defendant in the above-captioned matter. I make this Declaration based upon my own personal knowledge.

2. On Thursday, November 1, 2007, I contacted Plaintiff's counsel, Paul H. Tobias, to discuss certain inaccuracies contained in Plaintiff's Supplemental Information Concerning Taxation of Costs and the attached Declaration and to request that Plaintiff's counsel withdraw or correct that filing.

3. During that conversation, Plaintiff's counsel refused to correct or withdraw the filing and told me to "do what I had to do".

4. On November 6, I sent Plaintiff's counsel a letter, which again explained the inaccuracies in the Supplemental Information filing and, again, asked that Plaintiff's counsel withdraw that filing.

5. I copied the Court on that letter so that it would be apprised of the inaccuracies in Plaintiff's filing.

6. A true and accurate copy of my November 6 letter is attached.

2

7.  On November 8, Plaintiff's counsel sent me a letter attempting to explain his submission to the Court, but conceding that the Supplemental Information "is not a direct submission from the court reporters on the issue raised by the Court".

8.  A true and accurate copy of the November 8 letter from Plaintiff's counsel is attached.

9.  I have read the above statements and declare under penalty of perjury that the information contained herein is true and correct to the best of my knowledge.

Executed On: Nov 14, 2007

_____
George E. Yund

CINLibrary 0048604.0478304 1791902v1



ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE · WEST VIRGINIA

George E. Yund
(513) 651-6824
GYUND@FBTLAW.COM

November 6, 2007

***VIA HAND DELIVERY***

Paul H. Tobias, Esq.
Tobias, Kraus & Torchia
Mercantile Library Bldg.
414 Walnut St., Suite 911
Cincinnati, Ohio 45202

Re:   *Parries v. Makino*, **S.D. Ohio, Case No. 1:01-cv-888 (Beckwith, J.) – Bill of Costs**

Dear Paul:

This letter will serve as a follow up to our telephone conversation last week regarding the declaration that you submitted in connection with the Bill of Costs in this matter. As I explained to you in our telephone call, that declaration is incorrect, misleading and not responsive to the Court's October 11 Interim Order.

The declaration represents that the listed costs are for "regular-delivery transcripts of the depositions in question". This is inaccurate and misleading. As the invoices attached to your declaration indicate, the listed costs are for <u>copies</u> of the deposition transcripts in question. As you well know, there is a significant difference in the cost of a copy of a deposition transcript and the cost of transcribing the original of the deposition. Your declaration is also not responsive to the Court's Interim Order. The Order permits the parties to submit specific supplemental information regarding the differences between the cost of ordinary transcription of the original depositions and the cost of expedited transcription. Your declaration contains no such information.

I trust that you did not intend to mislead the Court and, as I told you when we talked, I would think you would correct the error yourself. To that end, I ask that you withdraw your most recent filing and declaration.

Paul H. Tobias
November 6, 2007
Page 2

    Our position is that Judge Beckwith's Interim Order outlines an appropriate manner of discounting the effect of expedited transcripts in order to determine the costs to be awarded.

        Very truly yours,

        FROST BROWN TODD LLC


        By *George*
        George E. Yund

cc:    Sandra S. Beckwith, Chief Judge, S.D. Ohio (via Hand Delivery)

CINLibrary 0048604.0478304 1789312v1



## TOBIAS, KRAUS & TORCHIA

911 MERCANTILE LIBRARY BUILDING
414 WALNUT STREET
CINCINNATI, OHIO 45202-3906

—

(513) 241-8137

FAX (513) 241-7863

www.tktlaw.com

MARVIN H. KRAUS
PAUL H. TOBIAS
DAVID G. TORCHIA
STEPHEN A. SIMON

THEODORE M. BERRY
1905-2000

November 8, 2007

George E. Yund, Esq.
Frost Brown Todd
201 E. Fifth Street
Suite 2200
Cincinnati, OH 45202

*HAND DELIVERED*

Re: <u>William H. Parries, II</u>
vs. <u>Makino, Inc.</u>
Case No: 1:01cv888

Dear George:

You have raised questions regarding our supplemental submission on the cost of regular-delivery transcripts in the above case. You have also seen fit to share correspondence on this subject with the Court.

In its Interim Order, the Court invited both parties to submit specific information from the court reporters in question to elucidate what a regular-delivery transcript would cost. You could have done so but chose not to.

We, on the other hand, found invoices in our file for copies of the same transcripts. There is nothing in the invoices that indicates they were expedited, so it is safe to assume they were by regular-delivery. The cost for most of these transcripts was two-thirds of the price of your expedited transcripts. That appears to be a rational variance based on the expedited nature of your transcripts.

I have reviewed the Declaration that I submitted and it is absolutely accurate. Further, the Supplemental memorandum is accurate. While it is not a direct submission from the court reporters on the issue raised by the court—and never purports to be—it reflects what we believe to be the cost of the regular-delivery transcripts in question.

If you have some other information showing that our submission is inaccurate, we would be most happy to review it and withdraw our submission should our information prove to be incorrect.

Very truly yours,

Paul H. Tobias

PHT:pml